# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1435** |
| **JEFF WINDHAM, WARDEN** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

Before proceeding further, the Court notes that, in spite of being ordered to do so, counsel for the respondent, Walker H. Drake, Jr., Esquire, failed to provide certified copies of the complete records for two of the cases from the 34th Judicial District Court addressed in the captioned petition or to provide any certified records from the Louisiana Fourth Circuit Court of Appeal and the

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

Louisiana Supreme Court.² Counsel is made aware of his obligation to fully comply with the Court's briefing order. Nevertheless, the Court finds that the pleadings and records already presented to the Court are sufficient to dispose of the case.

## I.     Factual and Procedural Background

The petitioner, Keith Martin ("Martin"), is a convicted inmate incarcerated in the LaSalle Correctional Center in Olla, Louisiana.³ According to Martin's *pro se* petition under 28 U.S.C. § 2254, he is challenging state court proceedings under St. Bernard Parish Case Nos. 333933, 333934, 333935, 333936, and 333937. The pleadings and state court records reflect that in 2008, Martin, along with various co-defendants not relevant to this report, was charged in numerous Bills of Information in St. Bernard Parish indicated here in relevant part:⁴

(1)     Case No. 333929, possession with intent to distribute of over 400 grams of cocaine on or about October 15, 2008;
(2)     Case No. 333933, possession with intent to distribute of 13.2 pounds of cocaine on October 15, 2008;
(3)     Case No. 333934, possession with intent to distribute over 400 grams of cocaine;
(4)     Case No. 333935, possession of drug paraphernalia;
(5)     Case No. 333936, possession of firearms during commission of a crime;
(6)     Case No. 333937, illegal possession of stolen firearms.

In connection with Case Nos. 333933 through 333937, which were consolidated, Martin's retained counsel filed numerous pretrial motions, including motions to suppress the confession, the

---

²Rec. Doc. No. 4.

³Rec. Doc. No. 3.

⁴St. Rec. Vol. 1 of 1, Bill of Information (333929), 11/20/08; Bill of Information (333933), 11/20/08; Bill of Information (333935), 11/20/08; Reference to Case Nos. 333934, 333935, and 333936; Reference to Case No. 333937; *see also* Rec. Doc. No. 8-1, p. 1.

2

evidence seized and the identification evidence.[5] At a hearing held May 21, 2009, the Trial Court denied the motions.[6] Martin sought unsuccessful pretrial review of that ruling.[7]

Thereafter, on May 24, 2011, in Case No. 333929, Martin acting pursuant to a plea agreement withdrew his former plea of not guilty and entered a plea of guilty to an amended charge of possession of over 400 grams of cocaine.[8] Martin received a sentence of 25 years in prison at hard labor without benefit of parole, probation or suspension of sentence and a promise that the State would not file a multiple bill. As part of the sentence, Martin agreed to forfeit all money, vehicles and weapons seized in connection with the charges. In addition, the State entered a nolle prosequi in Case Nos. 333933, 333934, 333935, 333936 and 333937, dismissing the charges against Martin.[9]

Martin's conviction and sentence in Case No. 333929 became final 30 days later, on June 23, 2011, because he did not seek reconsideration or file for an appeal. La. Code Crim. P. art. 914;[10] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for

---

[5]St. Rec. Vol. 1 of 1, Motion to Suppress Confession (333933-37), 12/15/08; Motion to Suppress the Evidence (333933-37), 12/15/08; Motion to Suppress Evidence of Identification (333933-37), 12/15/08.

[6]St. Rec. Vol. 1 of 1, Minute Entry, 333933, 5/21/09.

[7]St. Rec. Vol. 1 of 1, 24 So.3d 862 (La. 2010); La. S. Ct. Order, 2009-KK-2349, 1/8/10; *see also*, Rec. Doc. No. 8-1, p. 2.

[8]St. Rec. Vol. 1 of 1, Minute Entry (333929), 5/24/11; Bill of Information (333929), as amended, 5/24/11.

[9]St. Rec. Vol. 1 of 1, Minute Entry (333929), 5/24/11; Minute Entry (333933), 5/24/11; Minute Entry (333934), 5/24/11; Minute Entry (333935), 5/24/11; *see* Rec. Doc. No. 8-1, p. 2. The State did not provide records for Case Nos. 333936 and 333937.

[10]In general, under Louisiana law, a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Crosby*, 338 So.2d 584, 588 (La. 1976). Where grounds do exist, Louisiana law requires a criminal defendant move for leave to appeal within *30* days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Petitioner's failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

3

seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Thereafter, on July 11, 2011, Martin submitted a motion to the Trial Court seeking to correct his sentence under the now-dismissed Case Nos. 333933 through 333937, arguing that his sentence was excessive and the motions to suppress should not have been denied.[11] The Court denied the motion without stated reasons on July 25, 2011.[12] Martin submitted another such motion to correct his sentence as excessive under the same dismissed case numbers on September 14, 2011.[13] The Trial Court again denied the motion without stated reasons on December 2, 2011.[14] The record does not reflect that Martin sought further review of these orders.

On June 8, 2012, Martin submitted an application for post-conviction relief to the Trial Court under Case No. 333929 alleging ineffective assistance of counsel for failure to appeal the sentence.[15] The Trial Court ordered a response from the State and the matter appears to be pending.[16]

## II. Federal Petition

On June 19, 2012, the clerk of this Court filed Martin's petition for federal habeas corpus relief in which he raised the following grounds for relief:[17] (1) his Fourth Amendment rights were violated by police misconduct in obtaining the warrant; (2) the Trial Court erred in denying the

---

[11]St. Rec. Vol. 1 of 1, Motion to Correct an Illegal Sentence (333933-37), 7/15/11 (dated 7/11/11).

[12]St. Rec. Vol. 1 of 1, Trial Court Order, 7/25/11.

[13]St. Rec. Vol. 1 of 1, Motion to Correct Illegal Sentence (333933-37), 11/7/11 (dated 9/14/11).

[14]St. Rec. Vol. 1 of 1, Trial Court Order, 12/2/11.

[15]St. Rec. Vol. 1 of 1, Uniform Application for Post-Conviction Relief (333929), 6/15/12 (dated 6/8/12).

[16]St. Rec. Vol. 1 of 1, Trial Court Order, 6/29/12; *see* Rec. Doc. No. 8-1, p. 2.

[17]Rec. Doc. No. 3.

motion to suppress the driver's license photograph shown to a witness; and (3) the Trial Court erred in denying the motion to suppress the statement made to police after his arrest.

The State filed an answer and memorandum in opposition to Martin's petition contending without discussion that Martin's petition was timely filed, that he exhausted available remedies, and that his claims are "moot" because his guilty plea waived review of all non-jurisdictional defects.[18]

### III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[19] applies to this petition, which is deemed filed in this court under the federal mailbox rule on May 19, 2012.[20] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[18]Rec. Doc. Nos. 8, 8-1.

[19]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[20]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Martin's federal habeas petition on June 19, 2012, when the fee was received after pauper status was denied. Martin dated his signature on the petition on May 19, 2012. This is the earliest date on which he could have delivered it to prison officials for mailing. The fact that he later paid the filing fee also would not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 376).

5

In this case, the State wholly overlooks the fact that the Court is without jurisdiction to consider Martin's petition for lack of subject matter jurisdiction. For the reasons discussed later in this report, Martin was not convicted in Case Nos. 333933 through 333937 since the charges in those cases were dismissed by entry of a *nolle prosequi*.

Alternatively, out of an abundance of caution, the Court could consider Martin's petition with respect to the conviction under which he is being held in Case No. 333929. Under that case number, the State incorrectly concludes that Martin's claims are exhausted. As will be discussed, this conclusion was apparently based on the State's misunderstanding federal law on exhaustion and is not supported by the record.

### IV.     **The "In Custody" Requirement of Subject Matter Jurisdiction**

Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief *only* from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted state court remedies). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed); *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Port v. Heard*, 764 F.2d 423, 426 (5th Cir. 1985).

In this case Martin does not fit within any of the parameters of a person entitled to federal habeas relief as defined in § 2241(d). Martin was never convicted or sentenced in Case Nos. 333933 through 333937. The charges in those cases were dismissed. He therefore is not being held under a judgment in any of those cases. *A fortiori*, Martin is *not* in custody for a conviction or sentence related to those cases. When charges are dismissed against a state defendant, as they have been here, the person is no longer in custody or entitled to federal habeas review. *Payne v. Cockrell*, No. 00-CV-1811, 2001 WL 1343433, at *4 (N.D. Tex. Oct. 30, 2001) (In addressing § 2254 petition, where the " charge was dismissed; thus, Payne is not in custody under that charge. . . . This court has no jurisdiction over this claim.") (Order adopting report); *Smith v. Bogan*, 31 Fed. App'x 152, 2001 WL 1747885, at *1 (5th Cir. Dec. 11, 2001) (table, text in Westlaw) (addressing federal defendant and § 2255).

Martin is not "in custody" for purposes of this petition. Martin's custody stems from his conviction after a plea of guilty under Case No. 333929, which he has not challenged in this federal petition. This Court is without subject matter jurisdiction to consider his claims brought in connection with Case Nos. 333933 through 333937.

## V.     **Exhaustion Requirement**

In the alternative, should Martin's petition be read to challenge the conviction and sentence he received under Case No. 333929, his claims are not exhausted. Although the State indicated that the claims were exhausted, a proper reading of the record reflects that he has never raised these claims to the Trial Court under Case No. 333929. To the extent Martin raised the claims under the dismissed case numbers, he did not pursue review in the higher state courts of the Trial Court's denial of his motions to correct the sentence. As discussed further, there has been no exhaustion.

The Court finds that the State inadvertently erred in resolving that Martin exhausted state court remedies, and this error does not constitute a valid or express waiver of exhaustion. The State's conclusion regarding exhaustion demonstrates a clear misunderstanding of the exhaustion doctrine and unfamiliarity with federal standards of habeas corpus review. *Accord Prieto v. Quaterman*, 456 F.3d 511, 518 (5th Cir. 2006) (*citing Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)). The Court therefore, alternatively raises Martin's failure to exhaust *sua sponte*. *McGee v. Estelle*, 722 F. 2d 1206, 1214 (5th Cir. 1984) (*en banc*); *see also* 28 U.S.C. § 2254(b)(3) (the State's failure to raise exhaustion is not a waiver of the defense).

Accordingly, **petitioner is hereby specifically advised and instructed that this report and recommendation is notice to him that this court is *sua sponte* raising the issue of exhaustion and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report.** *Magouirk*, 144 F.3d at 350, 360.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419-20. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A), and *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). This means that "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *See Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004). Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id*. at 32.

The record demonstrates that Martin has not presented any of the claims now raised here to any state court as a challenge to his conviction and sentence under Case No. 333929. As noted above, Martin at best has arguably presented his arguments only as support for the motions to correct his sentence filed in Case Nos. 333933 through 333937. Even there, Martin failed to seek further review of his arguments beyond the Trial Court. The Court also notes that Martin's counsel in those consolidate cases sought pretrial review of the denial of the motions to suppress in the higher state courts. However, the record does not reflect that the pretrial challenge was based on the same constitutional grounds as are presented here or that they were urged specifically in connection with Case No. 333929.

As outlined above, Martin has only recently sought post-conviction review in the Trial Court under Case No. 333929. In that application, his only claim is a Sixth Amendment claim of ineffective assistance of counsel for failure to appeal his sentence. He has not raised that claim in his federal petition. The presentation of that claim to the state courts would not serve to exhaust the Fourth Amendment claims presented here.

Thus, even under the broadest reading to be given his federal petition, Martin has not exhausted state court remedies with respect to any challenge to his current conviction and sentence under Case No. 333929. The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to each of the state courts through to the highest court of the state in a procedurally proper manner. *See O'Sullivan*, 526 U.S. at 842; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). "When a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights." *Cone v. Bell*, 556 U.S. 449, 465 (2009). Martin has failed to exhaust state court remedies before bringing his claims to this federal court.

The record discloses no good cause for Martin's failure to properly and fully exhaust the claims raised to this Court, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Therefore, Martin's petition, under this alternative recommendation, can be dismissed without prejudice so that he can exhaust state court remedies.[21]

---

[21]Should the issue be brought to the Court, dismissal is warranted here rather than a stay and abeyance. In *Pliler v. Ford*, 542 U.S. 225, 227 (2004), the Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and unexhausted claims. *Id*. The *Pliler* court ultimately reiterated the long-standing directive that a *mixed* petition be dismissed without prejudice to require exhaustion. *Id*. at 231-33. The Supreme Court later held that stay-and-abeyance was an extraordinary remedy *not* to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in *limited* circumstances," and is appropriate *only* when the district court determines that there

Nevertheless, in light of the foregoing discussion, the Court should dismiss this petition with prejudice for lack of jurisdiction.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Martin's petition for issuance of a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[22]

New Orleans, Louisiana, this 20th day of December, 2012.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

was "good cause" for the failure to exhaust. *Id.* at 277 (emphasis added). In this case, Martin has not presented this court with a mixed petition. The claims asserted in his habeas petition have not been exhausted in a procedurally proper manner in the state courts. This distinguishes his petition from the type of mixed petition addressed in *Pliler/Rhines*. Furthermore, Martin has not presented any good cause for this court to enter a stay as is required under Supreme Court doctrine. *Rhines*, 544 U.S. at 278. Martin would not be entitled to a stay while he attempts to exhaust.

[22]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.